CV 22-7541-GW-MRW
Stingray IP Solutions, LLC v. TP-Link Technologies Co., Ltd., et al.
Case 2:22-cv-07641-GW-MRW   Document 133   Filed 01/11/23   Page 1 of 11   Page ID #:180
RECALL TRANSFER - JS-6

FILED
CLERK, U.S. DISTRICT COURT
JAN 11, 2023
CENTRAL DISTRICT OF CALIFORNIA
BY: JG  DEPUTY

# United States Court of Appeals for the Federal Circuit

---

IN RE: STINGRAY IP SOLUTIONS, LLC,
*Petitioner*

---

2023-102

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in Nos. 2:21-cv-00045-JRG, 2:21-cv-00046-JRG, Chief Judge J. Rodney Gilstrap.

---

## ON PETITION

---

JEFFREY A. LAMKEN, MoloLamken LLP, Washington, DC, for petitioner. Also represented by LUCAS M. WALKER; LAUREN F. DAYTON, New York, NY.

KRISTOPHER L. REED, Kilpatrick Townsend & Stockton LLP, Dallas, TX, for respondent TP-Link Technologies Co., Ltd., TP-Link Corp. Ltd., TP-Link International Ltd. Also represented by KEVIN BELL, EDWARD JOHN MAYLE, Denver, CO; STEVEN MOORE, San Francisco, CA; ANDREW N. SAUL, Atlanta, GA.

---

Before LOURIE, TARANTO, and STARK, *Circuit Judges.*

STARK, *Circuit Judge.*

## ORDER

A TRUE COPY I CERTIFY
DAVID A. O'TOOLE, CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
By:

Stingray IP Solutions, LLC ("Stingray") petitions for a writ of mandamus seeking to undo the United States District Court for the Eastern District of Texas' order transferring two cases to the United States District Court for the Central District of California ("CDCA"). TP-Link Technologies Co., Ltd., TP-Link Corporation Limited, and TP-Link International Ltd. (collectively, "TP-Link") oppose. For the reasons provided below, we grant the petition.

## BACKGROUND

Stingray filed these patent infringement suits in the Eastern District of Texas against TP-Link Technologies Co., Ltd. (organized and headquartered in China) and TP-Link Corporation Limited (the new name of TP-Link International Ltd., which is organized and headquartered in Hong Kong). TP-Link moved to dismiss for lack of personal jurisdiction or, in the alternative, to transfer to the Central District of California under 28 U.S.C. § 1406. TP-Link argued it was not subject to personal jurisdiction in the Eastern District of Texas and that Federal Rule of Civil Procedure 4(k)(2) "does not cure this jurisdictional defect because Defendants would be amenable to suit in the Central District of California." Appx 161; *see also* Appx 176. TP-Link also moved for transfer under 28 U.S.C. § 1404(a).

After jurisdictional and venue discovery, the district court granted TP-Link's motion to transfer the cases to the Central District of California under § 1406. The court determined that "the exercise of personal jurisdiction over Defendants in this Court would be unreasonable" and, under Rule 4(k)(2), personal jurisdiction over TP-Link would not be proper in the Eastern District of Texas because the "Defendants are amenable to suit in the CDCA" and have made affirmative representations "that CDCA has both proper jurisdiction and venue in this case." Appx 16–17. "[A]ccept[ing] and rel[ying] upon the [same] affirmative representations made by Defendants that CDCA has both proper jurisdiction and venue," the court transferred the

cases under § 1406. Appx 17. The court denied the § 1404(a) motion as moot. Appx 18. Stingray then filed this petition, focusing solely on the issue of whether TP-Link's unilateral, post-suit consent to personal jurisdiction in another state (California) defeated application of Rule 4(k)(2). We have jurisdiction pursuant to 28 U.S.C. §§ 1295(a)(1) and 1651(a). *See In re Princo Corp.*, 478 F.3d 1345, 1351 (Fed. Cir. 2007).

## Discussion

"[A]ll courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Despite the seeming breadth of that provision, it is well settled that the remedy of mandamus must be limited to extraordinary circumstances, "to ensure that the writ will not be used as a substitute for the regular appeals process." *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380–81 (2004). In deciding whether a party has proven its entitlement to the extraordinary relief of mandamus, we usually proceed by directly applying the Supreme Court's statement of three requirements: (1) there are "no other adequate means to attain the relief [it] desires," (2) the "right to issuance of the writ is clear and indisputable," and (3) "the writ is appropriate under the circumstances." *Cheney*, 542 U.S. at 380–81 (internal quotation marks omitted).

Reflecting several Supreme Court decisions, we have also held that "[m]andamus may be used in narrow circumstances where doing so is important to 'proper judicial administration,'" such as when an appellate court "correct[s] a district court's answers to 'basic, undecided' legal questions" concerning judicial administration matters. *In re Micron Tech., Inc.*, 875 F.3d 1091, 1095 (Fed. Cir. 2017) (quoting *La Buy v. Howes Leather Co.*, 352 U.S. 249, 259–60 (1957) and *Schlagenhauf v. Holder*, 379 U.S. 104, 110 (1964)). This narrow basis for mandamus is solidly

grounded in Supreme Court precedent, although it is only applicable in unusual and exceptional circumstances. *Schlagenhauf*, 379 U.S. at 110 ("The Court of Appeals recognized that it had the power to review on a petition for mandamus the basic, undecided question of whether a district court could order the mental or physical examination of a defendant. We agree that, under these unusual circumstances and in light of the authorities, the Court of Appeals had such power."); *La Buy*, 352 U.S. at 257–58 ("We believe that supervisory control of the District Courts by the Courts of Appeals is necessary to proper judicial administration in the federal system. The All Writs Act confers on the Courts of Appeals the discretionary power to issue writs of mandamus in the exceptional circumstances existing here.").

Where we have provided mandamus relief under the narrow "administration of justice" standard, we have not separately required petitioners to show satisfaction of *Cheney*'s three requirements. *See, e.g., In re Micron Tech., Inc.*, 875 F.3d at 1095 ("We find this case to present special circumstances justifying mandamus review of certain basic, unsettled, recurring legal issues over which there is considerable litigation producing disparate results."); *In re Google LLC*, 949 F.3d 1338, 1343 (Fed. Cir. 2020) (concluding that "mandamus is an available remedy" where "district courts' decisions on these issues are in conflict" and "[t]his court has not addressed this fundamental and recurring issue of patent law"); *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017) ("We conclude that mandamus here will further supervisory or instructional goals on an unsettled and important issue, an appropriate basis upon which to grant the mandamus petition.") (internal quotation marks omitted); *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1011 (Fed. Cir. 2018) ("This case presents two such 'basic' and 'undecided' issues relating to proper judicial administration . . . . These issues are likely to be repeated and present sufficiently exceptional circumstances as to be amenable to

resolution via mandamus."). Indeed, on rare occasion, we have granted mandamus relief without even citing the three requirements set out in *Cheney*. *See, e.g.*, *In re Oath Holdings Inc.*, 908 F.3d 1301, 1304 (Fed. Cir. 2018); *In re BP Lubricants USA Inc.*, 637 F.3d 1307, 1310, 1313 (Fed. Cir. 2011). None of this should be misunderstood, however, as detracting from the fundamental reality that, as the Supreme Court has stated, "mandamus should be resorted to only in extreme cases." *La Buy*, 352 U.S. at 257–58.

I

The unusual, exceptional circumstances presented by this case render mandamus review appropriate, as such review will permit us to resolve an important issue relating to proper judicial administration on which district courts have been divided. In looking to Federal Circuit law, district courts have been deeply split over whether a defendant can defeat personal jurisdiction under Rule 4(k)(2) by unilaterally consenting to suit in a different district, with some courts concluding that personal jurisdiction cannot be established under Rule 4(k)(2) when defendants "represent that [they] would be amenable to suit in [another state]," *Lambeth Magnetic Structures, LLC v. Toshiba Corp.*, No. 14-1526, 2017 WL 782892, at *6 (W.D. Pa. Mar. 1, 2017), while others have concluded that a "defendant must do more than simply say, 'I designate State X as an alternate forum' in order to avoid application of Rule 4(k)(2)," *MediaZam LLC v. Voices.com, Inc.*, No. 20-cv-1381, 2022 WL 993570, at *12 (E.D. Wis. Mar. 31, 2022). *Compare, e.g., Fitbit, Inc. v. Koninklijke Philips N.V.*, 336 F.R.D. 574, 582–85 (N.D. Cal. 2020); *Alpha Tech. U.S.A. Corp. v. N. Dairy Equip., Ltd.*, No. 6:17-cv-1000, 2018 WL 501598, at *5 (M.D. Fla. Jan. 22, 2018), *with Knoll, Inc. v. Senator Int'l Ltd.*, No. 19-4566, 2020 WL 1922780, at *6–9 (E.D. Pa. Apr. 21, 2020); *Mitsui O.S.K. Lines, Ltd. v. Swiss Shipping Line S.A.L.*, No. 17-cv-3394, 2017 WL 6327538, at *3–4 (N.D. Cal. Dec. 6, 2017). Resolving this disagreement is important, as it will "reduce the widespread disparities in

rulings on th[is] fundamental legal standard[]." *In re Micron Tech., Inc.*, 875 F.3d at 1096.

## II

We next consider TP-Link's arguments as to why mandamus is inappropriate. First, TP-Link argues that "[o]rdinarily, mandamus relief is not available for rulings on motions under 28 U.S.C. § 1406(a)," *In re Volkswagen Grp. of Am., Inc.*, 28 F.4th 1203, 1207 (Fed. Cir. 2022), because "appeal from a final judgment" is "an adequate remedy," *In re HTC Corp.*, 889 F.3d 1349, 1352–53 (Fed. Cir. 2018). While that is ordinarily true, there may also be, as we have already explained, "narrow circumstances" in which mandamus relief is granted because "doing so is important to 'proper judicial administration,'" *In re Micron Tech., Inc.*, 875 F.3d at 1095 (quoting *La Buy*, 352 U.S. at 259–60), including in connection with venue-related issues, *see, e.g., In re Cray Inc.*, 871 F.3d at 1359–60 (mandamus proper to consider "regular and established place of business" requirement of 28 U.S.C. § 1400(b) (1999)); *In re Google LLC*, 949 F.3d at 1342–43 (mandamus proper to consider further what constitutes a "regular and established place of business"); *In re Micron Tech., Inc.*, 875 F.3d at 1095–96 (mandamus proper to determine "whether *TC Heartland* effected a change of controlling law"). We are also mindful there is "common agreement [among appellate courts] that mandamus should be available to set aside a transfer if the district court lacks power to transfer or has acted on wrong legal principles." 16 Wright & Miller Fed. Prac. & Proc. § 3935.4 (3d ed., Apr. 2022 update) (footnotes omitted). Circumstances warranting mandamus review are present here.

Second, TP-Link contends that this Rule 4(k)(2) issue is not properly before us because Stingray forfeited it by not adequately presenting it to the district court. We disagree. Stingray specifically argued that it was "defendant's burden to name a state in which the suit can proceed"

under Rule 4(k)(2). Appx 219. The district court recognized that the issue was presented, interpreting our cases as holding that "*ex-post* consent to suit in a judicial district is not *necessarily* sufficient to prevent" application of Rule 4(k)(2), Appx 17 n.11 (emphasis in original), and then relying solely on TP-Link's post-suit consent to find that Rule 4(k)(2) was inapplicable here. Considering the totality of circumstances, we think the issue was appropriately raised and addressed by the district court such that we may review it on mandamus.

Finally, TP-Link argues that "[t]he record below shows that Respondents have strong and significant contacts with the CDCA, and that Stingray could have brought suit in that forum regardless of the Respondents' consent." Resp. at 11, 15. The district court did not make such a finding, and we decline to do so in the first instance on mandamus.

Stingray has persuaded us that this case involves circumstances making use of mandamus appropriate. Accordingly, we turn to the merits.

### III

In patent infringement cases, the issue of "[w]hether the district court had personal jurisdiction over [a defendant] is a question we review" under Federal Circuit law, such that we "supply our own analysis as to whether Rule 4(k)(2) applies." *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. de Equip. Medico*, 563 F.3d 1285, 1292–93 (Fed. Cir. 2009).

Rule 4(k)(2) was introduced to "close[] a loophole that existed prior to the 1993 amendments," by which "a non-resident defendant who did not have 'minimum contacts' with any individual state sufficient to support exercise of jurisdiction, but did have sufficient contacts with the United States as a whole, could escape jurisdiction in all fifty states." *Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1414 (Fed. Cir. 2009). The rule provides:

> For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:
>
> > (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and
> >
> > (B) exercising jurisdiction is consistent with the United States Constitution and laws.

Fed. R. Civ. P. 4(k)(2).

Stingray's petition focuses on the so-called "negation requirement" of Rule 4(k)(2)(A)—that "the defendant is not subject to jurisdiction in any state's courts of general jurisdiction." More specifically, Stingray's petition presents the question of whether a defendant's post-suit, unilateral consent to suit in another state prevents this condition from being satisfied. In addressing this issue, we do not write on a clean slate.

In *Touchcom*, this court joined the majority of circuits in placing the burden on the defendant to show that the negation requirement is not met—*i.e.*, "the defendant is afforded the opportunity to avoid the application of the rule only when it designates a suitable forum in which the plaintiff could have brought suit." 574 F.3d at 1415. "[I]f the defendant contends that [it] cannot be sued in the forum state and refuses to identify any other where suit is possible, then the federal court is entitled to use Rule 4(k)(2)." *Id.* (citation omitted). We further noted that if "the district court determines that [defendants] are subject to personal jurisdiction in another state, or if [defendants] designate such a forum, the district court is welcome to transfer the case as it sees fit." *Id.* at 1416.

Later, in *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283 (Fed. Cir. 2012), we confronted the question now raised by Stingray's petition but in the context of a default judgment case.

There, the panel majority, relying on *Touchcom*, observed that "the defendant's burden under the negation requirement entails identifying a forum where the plaintiff *could have* brought suit—a forum where jurisdiction would have been proper at the time of filing, regardless of consent." *Id.* at 1294 (emphasis in original). "Consistent with that obligation, a defendant does not identify a more appropriate state by suggesting an alternative forum with no basis for personal jurisdiction but for its [*i.e.*, the defendant's] consent." *Id.* at 1294–95 (cleaned up). Ultimately, the *Merial* majority concluded that it "need not decide today the general requirements for a defendant to prevent the application of Rule 4(k)(2) by consenting to suit in another jurisdiction," because it was sufficient to limit the court's holding to challenges to a default judgment. *Id.* at 1295.

Although the *Merial* majority's statements indicating that a defendant cannot satisfy its burden under Rule 4(k)(2)(A) based merely on unilateral, post-suit consent have been reasonably viewed as dicta for non-default judgment cases, we nevertheless agree with the majority's reasoning. Therefore, we now confirm that "the defendant's burden under the negation requirement entails identifying a forum where the plaintiff could have brought suit—a forum where jurisdiction would have been proper at the time of filing, regardless of consent." *Id.* at 1294 (internal emphasis omitted). A defendant (such as TP-Link) cannot simply use a "unilateral statement of consent" to preclude application of Rule 4(k)(2) and "achieve transfer into a forum it considers more convenient (or less convenient for its opponent)." *Id.* at 1295.

The Supreme Court adopted a similar approach in *Hoffman v. Blaski*, 363 U.S. 335 (1960). There, the Court interpreted 28 U.S.C. § 1404(a) (permitting transfer of a case to a forum "where it might have been brought") as only allowing transfer to federal forums where the plaintiff "ha[d] a right to sue" when "[the] suit . . . commenced," regardless of the later "wish or waiver of the defendant." *Id.*

10                    IN RE: STINGRAY IP SOLUTIONS, LLC

at 343–44 (citation omitted).[1] The Court declined to adopt a contrary rule because it would lead to "gross discrimination"—permitting transfer "to any district desired by the defendants and in which they were willing to waive their statutory defenses as to venue and jurisdiction," while prohibiting the plaintiff from originally bringing or later "transfer[ring] the action to the same district, without the consent and waiver of venue and personal jurisdiction defenses by the defendants." *Id.* at 344. Nothing in the text or legislative history of the statute suggested Congress intended "such discriminatory purpose." *Id.*

Likewise, we see nothing in Rule 4(k)(2) or its history that would permit a defendant to achieve transfer to a preferred district simply by unilateral, post-suit consent.[2] The plain language of the rule does not support such a result. Nor do the Advisory Committee Notes, "a reliable source of insight into the meaning of a rule," *Hall v. Hall*, 138 S. Ct. 1118, 1130 (2018) (internal quotation marks and citation omitted), which make clear that Rule 4(k)(2) was not intended to "affect the operation of federal law[s] providing for the change of venue," §§ 1404(a), 1406, 1631, but was instead envisioned to work in harmony with those provisions to "preclude most conflicts between the full exercise of territorial jurisdiction permitted by this rule and the Fifth Amendment requirement of 'fair play and substantial justice.'" Advisory Committee Notes on 1993 Amendment to Fed. R. Civ. P. 4. The notes, thus, do not contemplate

---

[1] Congress has since amended § 1404(a) to permit transfer "to any district or division to which all parties have consented."

[2] The effects of forum shopping, that would arguably be permitted under the alternative reading of Rule 4(k)(2), could be particularly acute for non-patent, federal causes of action, which may be affected by differences in regional circuit law.

Case 2:22-cv-07541-GW-MRW Document 133 Filed 01/11/23 Page 11 of 11 Page ID #:190

IN RE: STINGRAY IP SOLUTIONS, LLC 11

that Rule 4(k)(2) may be defeated, and transfer compelled, based on defendant's unilateral, post-suit consent to suit in a different forum. Rather, the notes confirm that the typical analysis for "transfer for fairness and convenience under § 1404" applies, *id.*, a standard which does not depend on the "wish or waiver of the defendant," *Hoffman*, 363 U.S. at 343.

In light of our conclusion, we vacate the district court's transfer order. In further proceedings consistent with this order, the district court may find it necessary to assess whether TP-Link can satisfy Rule 4(k)(2)'s negation requirement on the grounds that Stingray "could have brought suit" in the Central District of California, independent of TP-Link's post-suit consent. *See Merial*, 681 F.3d at 1294–95. Additionally, or alternatively, the district court may consider whether transfer under § 1404(a) would be appropriate.

Accordingly,

IT IS ORDERED THAT:

The petition is granted to the extent that the district court's transfer orders are vacated and the court is instructed to recall any case files from the United States District Court for the Central District of California. The case is remanded for further proceedings consistent with this order.

FOR THE COURT

January 9, 2023
Date

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court